UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-01873-SSS-BFM | Date | September 11, 2025 |
| Title | *Lazaro Maldonado Bautista et al v. Ernesto Santacruz Jr et al.* | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **ORDER DENYING PRELIMINARY INJUNCTION AS MOOT AND ORDERING PARTIES TO SHOW CAUSE AS TO WHY THIS CASE SHOULD NOT BE DISMISSED [DKT. 14]**

Before the Court is whether a preliminary injunction should issue following the temporary restraining order ("TRO") that was granted on July 28, 2025. [Dkt. 14]. Upon reviewing the parties' various submissions following the TRO, the Court hereby **DENIES AS MOOT** the issuance of the preliminary injunction.

I.   FACTUAL AND LEGAL BACKGROUND

For sake of brevity, the Court incorporates the facts as recited in its prior order issuing the TRO. [*See* Dkt. 14, "Prior Order"]. In granting the TRO, the Court ordered Respondents to provide Petitioners with an individualized bond hearing or release Petitioners from detention. [*Id.* at 13]. Furthermore, the Court ordered Respondents to show cause why a preliminary injunction should not issue. [*Id.*]

On the same day that the Court granted Petitioners' *ex parte* application for a TRO, Petitioners amended their complaint to include class allegations and requests for declaratory relief as to the legality of Respondents' policies relating to denying bond hearings. [Dkt. 15, "Class Complaint"].

Respondents then filed a response to the Court's order to show cause on August 8, 2025. [Dkt. 40]. This response provided evidence that each of the Petitioners was provided with an individualized bond hearing and subsequently released on bond. [*See id.*]. In doing so, Respondents assert there exists no live controversy following these hearings. [*Id.* at 5].

## II.   LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy never awarded as a matter of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Whether to grant or deny such relief "is a matter within the court's discretion." *Koller v. Brown*, 224 F. Supp. 3d 871, 875 (N.D. Cal. 2016). A party seeking a preliminary injunction "must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 979 (9th Cir. 2011) (citation and brackets omitted).

However, a denial of a preliminary injunction application on the basis of mootness is warranted "[w]hen interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987). *See also Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978). Further, courts have an obligation to consider mootness *sua sponte*, and should deny requested relief where it is superfluous. *In re Burrell*, 415 F.3d 994, 997 (9th Cir. 2005); *Pasiphae Holdings, Inc. v. SE Logistix Corp.*, No. 5:23-CV-00186-SSS-SHKX, 2023 WL 4317191 (C.D. Cal. May 8, 2023) (denying a preliminary injunction as moot where the requested relief would be superfluous).

## III.   DISCUSSION

Each named Petitioner in the original petition for habeas corpus sought relief in the form of being released or provided with a bond hearing pursuant to 8 U.S.C. § 1226(a). [Dkt. 1 at 20]. In seeking the TRO, Petitioners requested that the Court

prevent Respondents from continuing to detain Petitioners unless they were provided with an individualized bond hearing. [Dkt. 5-1 at 3].

As evidenced by Respondents' response filed on August 8, 2025, each of the Petitioners have received the relief requested and ordered in the TRO. [Dkt. 40]. Nevertheless, Petitioners still argue for a preliminary injunction. [*See* Dkt. 56]. The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988). Given the relief sought has already been provided to Petitioners, the Court finds the preliminary injunction **MOOT.**[1]

## IV.   CONCLUSION

Accordingly, the Court **DENIES AS MOOT** the Preliminary Injunction and **VACATES** the hearing scheduled for September 12, 2025. The Court **ORDERS** the parties to show cause as to why the entire case should not be dismissed as moot. The Court **SETS** a hearing on the Order to Show Cause virtually for **October 17, 2025 at 1:00 PM**. Petitioners are **ORDERED** to respond by **September 24, 2025 at 12:00 PM**. Respondents shall thereafter respond by **October 8, 2025 at 12:00 PM**, and Petitioners will be provided until **October 15, 2025 at 12:00 PM** to reply to Respondents' response.

**IT IS SO ORDERED.**

---

[1] To the extent the preliminary injunction is not mooted by Petitioners' release following their individual bond hearings, Petitioners have not shown that they face irreparable harm. The irreparable harm underlying the TRO was Petitioners' continued detention as a result of Respondents' new immigration policy. None of the Petitioners are currently detained.