UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-01873-SSS-BFM | Date | December 18, 2025 |
|---|---|---|---|
| Title | *Lazaro Maldonado Bautista et al v. Ernesto Santacruz Jr et al* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART PETITIONERS' EX PARTE APPLICATION FOR RECONSIDERATION OR CLARIFICATION [DKT. NO. 87]

Before the Court is Plaintiff Petitioners Lazaro Maldonado Bautista, Ananias Pasqual, Ana Franco Galdamez, and Luiz Alberto de Aquino de Aquino's (collectively, "Petitioners") Ex Parte Application for Reconsideration or Clarification regarding the Court's Prior Order on their Motion for Class Certification. [Dkt. No. 87, "Application" or "App."; *see also* Dkt. No. 41, "Motion for Class Certification"; Dkt. No. 82, "Class Certification Order"]. Defendant Respondents Ernesto Santacruz Jr., Todd Lyons, Krista Noem, Pamela Bondi, and Feriti Semaia ("Respondents") have filed their Opposition to this Motion. [Dkt. No. 90, Opposition or "Opp."]. Petitioners filed their Reply on December 12, 2025. [Dkt. No. 91, "Reply"].

I.  FACTUAL AND PROCEDURAL BACKGROUND

For sake of brevity, the Court incorporates the factual background from the Prior Order on the Motion for Partial Summary Judgment, the Amended Class Complaint, and the pleadings related to this Application. [*See* Dkt. No. 15,

"Amended Class Complaint" or "ACC"; Dkt. No. 81, "MSJ Order"; *see also* App.; Opp.; Reply].

On November 20, 2025, the Court granted Petitioners' Motion for Partial Summary Judgment but denied their request to enter final judgment due to the pending class certification motion. [*See* MSJ Order]. The following week, on November 25, 2025, the Court granted Petitioners' Motion for Class Certification pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. [*See generally* Class Certification Order]. The certified class was defined as:

- **Bond Eligible Class**: All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

[*Id.* at 15].

Petitioners now bring this Application seeking clarification to "eliminate any doubt regarding [Defendant Respondents'] legal obligations and ensure [their] compliance." [App. at 3].

For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Petitioners' Application.

## II.   LEGAL STANDARD

Courts in this judicial district consistently utilize Local Rule 7-18 to adjudicate motions for reconsideration in civil and criminal matters. *E.g.*, *Feltzs v. Cox Commc'n Cal., LLC*, 562 F. Supp. 3d 535, 539 (C.D. Cal. 2021); *United States v. Biden*, No. 2:23-CR-599, 2024 WL 3892452, at *2–3 (C.D. Cal. Aug. 19, 2024); *In re Pioneer Corp.*, No. 2:18-CV-4524, 2018 WL 4963126, at *2 (C.D. Cal. Aug. 27, 2018) (applying Local Rule 7-18 to a motion for reconsideration of an order authorizing discovery); *Patrick Collins, Inc. v. Does*, No. 8:12-CV-977, 2012 WL 12893290, at *5 (C.D. Cal. Dec. 14, 2012).

### A. Local Rule 7-18

Local Rule 7-18 requires that a motion for reconsideration be made within fourteen days after the entry of the subject order and based only on the grounds of:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

L.R. 7-18.

### B. Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60 provides grounds for relief from a judgment or order. *See generally* Fed. R. Civ. P. 60. There are two separate categories under Rule 60 that allow for relief: (1) non-substantive corrections of clerical mistakes; and (2) substantive corrections for grounds enumerated in Rule 60(b)(1)–(6). *Id.*

#### 1. Rule 60(a)

Under Federal Rule of Civil Procedure 60(a), a court may correct clerical mistakes or mistakes arising from an oversight or omission whenever one is found in a judgment or order. But Rule 60(a) does not permit substantive changes. *See Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987). In other words, Rule 60(a) allows a court to clarify an order to correct a failure to memorialize part of its decision, to reflect necessary implications of the original order, to ensure the court's purpose is fully implemented, or to permit enforcement. *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1298 (9th Cir. 2014) ("The touchstone of Rule 60(a) . . . is fidelity to the intent behind the original judgment.") (citation modified). Rule 60(a) does not allow a court to make corrections under the guise of mere clarification that "reflect a new and subsequent intent because it perceives its original judgment to be incorrect." *Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012).

  **2. Rule 60(b)**

In contrast, Rule 60(b)(5) "encompasses the traditional power of a court of equity to modify its decree in light of changed circumstances." *Frew v. Hawkins*, 540 U.S. 431, 441 (2004) (citing *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 380 (1992)). Rule 60(b) permits parties to be relieved from "a final judgment, order, or proceeding" when "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." *See* Fed. R. Civ. P. 60(b)(5). Among the reasons to relieve a party from a final judgment, order, or proceeding in Rule 60(b) is a catchall provision of "any other reason that justifies relief." Rule 60(b)(6).

## III. DISCUSSION

Petitioners' Application requests the following from the Court: (1) appoint additional class counsel under Federal Rule of Civil Procedure 23(g), (2) reconsider the MSJ Order or clarify the Class Certification Order as to final or binding classwide declaratory relief, (3) direct entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b), and (4) expressly confirm that the MSJ Order both declared *and vacated* the challenged agency actions. [App. at 3–4].

Respondents oppose the Application, arguing that the requested issues for reconsideration and/or clarification are inappropriate where no final judgment has been entered, or where the requested relief is either premature or cannot be granted on a classwide basis. [Opp. at 3–9]. The Opposition makes no mention nor argument against including additional class counsel.

As the various grounds for reconsideration and clarification vary, the Court takes each in turn.

  **A. Inclusion of Appointed Class Counsel**

Petitioners' request to include additional class counsel is simple and uncontested. [Reply at 3, 9]. Petitioners included in their Motion for Class Certification the following class counsel: Northwest Immigrant Rights Project, American Civil Liberties Union Foundation ("ACLU") Immigrants' Rights Project, ACLU Foundation of Southern California, and USC Gould School of Law Immigration Clinic. [Dkt. No. 41 at 36]. The Court evaluated the adequacy of each counsel in the Class Certification Order; however, the full order inadvertently

excluded the proposed class counsel from the ACLU Immigrants' Rights Project and ACLU Foundation of Southern California. [Class Certification Order at 15].

To correct this oversight, the Court clarifies pursuant to Rule 60(a) that the initial order intended to include each counsel noted by Petitioners in the Motion for Class Certification.

The Class Certification Order is hereby **AMENDED** to include My Khanh Ngo, Judy Rabinovitz, Michael K.T. Tan, and Noor Zafar of the ACLU Immigrants' Rights Project and Eva Bitran of the ACLU of Southern California as additional class counsel.

### B.   Clarification of MSJ Order's Application to APA Claims

Petitioners' Application includes a request to clarify whether the MSJ Order extended to its Administrative Procedure Act ("APA") claims. [App. at 11–12].

Respondents raise three objections to this request for clarification, each of which suggests the requested relief is premature and overbroad: (1) Petitioners seek relief distinct from what was requested in the Amended Class Complaint, (2) the Court has not resolved whether classwide vacatur relief is appropriate, and (3) Petitioners' Application is contrary to the Court's directive for a status conference.[1] [Opp. at 9–12].

Upon the Court's review of Respondents' briefing, there is only one argument carrying merit: that the MSJ Order does not apply to vacatur of *Yajure Hurtado*. Petitioners failed to include any request to vacate the BIA's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

The Court recognizes the BIA issued the decision in *Yajure Hurtado* weeks after Petitioners filed their Motion for Partial Summary Judgment. Petitioners could not have included a request to vacate the decision in their Amended Class Complaint or their Motion for Partial Summary Judgment. However, as Respondents indicate, Petitioners never amended their request for relief through a Second Amended Class Complaint after the BIA issued *Yajure Hurtado*. [Opp. at 9].

---

[1] The Court does not discuss here Respondents' argument that Petitioners' request goes against the Court's directive for resolving pending issues, but instead incorporates its reasoning in Part III.C regarding the grounds for reconsideration. [*See* Opp. at 12]. *See infra* Part III.C.2.

Even though the Amended Class Complaint contains allegations that Respondents have violated the APA through unlawful policies, there are no allegations that those unlawful policies include the decision in *Yajure Hurtado*. To tack on a new subject of relief without proper amendment would bypass Federal Rule of Civil Procedure 15. The proper mechanism for Petitioners to seek relief against the decision in *Yajure Hurtado* is to amend the Amended Class Complaint, not through an Application for Reconsideration.

The Court, therefore, **DENIES** Petitioners' Application to Reconsider relief pertaining to *Yajure Hurtado*. Nevertheless, the Court observes that the core holding of *Yajure Hurtado* cannot be squared with the MSJ Order. *See Yajure-Hurtado*, 29 I. & N. Dec. at 220–28 (subjecting noncitizens present in the United States without inspection to § 1225 and denying them bond hearings for lack of jurisdiction). In spite of *Yajure Hurtado*, this Court determined that Petitioners and those similarly situated are not "applicants for admission," and therefore not subject to mandatory detention under § 1225. [MSJ Order at 12–17]. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 398–99 (2024) (requiring courts "to *ignore*, not follow, 'the reading the court would have reached' had it exercised its independent judgment). Although the MSJ Order does not grant vacatur of *Yajure Hurtado* under the APA, *Yajure Hurtado* is no longer controlling; the legal conclusion underlying the decision is no longer tenable.

The Court now addresses the other relief at issue in the Application. Because vacatur is a necessary consequence of declaring an agency action unlawful, vacatur of the DHS Policy is within the scope of the MSJ Order. Detailed reasoning and discussion of potential jurisdictional issues are discussed in the Amended Consolidated Order to be issued shortly after this Order. Accordingly, the Court **GRANTS** Petitioners' Application to clarify that the MSJ Order encompassed Count III of the Amended Class Complaint and granted classwide vacatur of the unlawful DHS policy.[2]

---

[2] Respondents also argue that "a court cannot grant declaratory relief prior to the entry of a final judgment." [Opp. at 6 (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975))]. Because the Court reconsiders its decision that previously denied entry of final judgment, there is no reason to consider this argument. *See infra* Part III.C.

## C. Entry of Final Judgment

With the scope of the MSJ Order and Class Certification Order clarified, the Court now considers whether it should revisit its previous decision to deny entry of final judgment.[3]

Previously, the Court declined to enter final judgment pursuant to Rule 54(b) "[b]ecause Petitioners [had] filed a pending motion for class certification." [MSJ Order at 17]. At the time of denying Petitioners' request for entry of final judgment on November 20, 2025, the Court had yet to decide whether class certification was appropriate.

The Court had sequenced the motions in this manner, as the Motion for Partial Summary Judgment required the Court to consider a single question of law while the Motion for Class Certification entailed a wider scope of issues for claims in the Amended Class Complaint. *See Wright v. Schock*, 742 F.2d 541, 543–44 (9th Cir. 1984) (recognizing a district court's discretion to rule on a motion for summary judgment before class certification "[u]nder the proper circumstances—where it is more practicable to do so and where the parties will not suffer significant prejudice"). Because the MSJ Order did not enter final judgment, Respondents would face no significant, if any, prejudice.

Petitioners now request that the Court reconsider its initial decision to decline entry of final judgment. [App. at 7, 11–12]. Referencing Local Rule 7-18, Petitioners present new material facts that warrant reconsideration. [*Id.* at 11]. Namely, the Application provides numerous declarations indicating Respondents' failure to comply with the Court's orders by continuing to deny bond hearings for class members and/or Respondents' issuing guidance to disregard the Court's declaratory judgment. [*Id.* at 8–9].

Respondents' Opposition asserts that the status conference set for January 16, 2026, is more appropriate to resolve outstanding issues because "a final declaratory judgment will not simplify the complex issues presented" and "will cause substantial confusion as well as overlapping and inconsistent legal obligations." [Opp. at 2–3]. In doing so, Respondents argue that "[w]ithout

---

[3] The parties' respective arguments as to the binding effect of the MSJ Order and the Class Certification Order are no longer relevant given the Court's decision to enter final judgment by granting the Application. [Opp. at 4–5; Reply at 4–5]. The Court finds no need to address these arguments.

preclusive effect, a declaratory judgment is little more than an advisory opinion." [*Id.* at 4].

The Court examines as a threshold matter whether reconsideration is proper.

### 1. Requirements for a Motion for Reconsideration

Local Rule 7-18 requires parties to base a motion for reconsideration on one of three grounds: (1) a material difference in fact or law from that presented to the Court that not known to the moving party at the time the Order was entered; (2) new material facts or a change of law occurring after the Order was entered; or (3) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.  L.R. 7-18.

Indeed, circumstances have changed since the Court's MSJ Order, something Respondents do not contest in the Opposition.  The record now reflects the Court's rulings on both Petitioners' Motion for Partial Summary Judgment and Motion for Class Certification, the consequences of which present an altered landscape to that of Respondents' conduct at the time this matter was initiated.

With this in mind, the Court also notes that the Application also presents grounds for reconsideration due to newly emerged facts that fall under two categories.

***New Facts Pertaining to IJ's Lack of Compliance.*** The Application details that Respondents have "persisted in denying class members bond hearings in two ways." [App. at 8].  The various supporting exhibits attached to the Application confirm that immigration judges ("IJs") continue to deny bond hearings for members of the Bond Eligible Class despite the Court's determination that the DHS Policy is unlawful.  [*Id.*; *see e.g.*, Dkt. No. 87-2 at 5–8, 11–12, 14–15; Dkt. No. 87-5 at 6–7; Dkt. No. 87-7 at 4–7; Dkt. No. 87-8 at 5–8; Dkt. No. 87-9 at 5–6; Dkt. No. 87-11 at 3–4; Dkt. No. 87-12 at 3–4; Dkt. No. 87-13 at 4–5; Dkt. No. 87-14 at 4–5; Dkt. No. 87-15 at 3–4; Dkt. No. 87-16 at 3–4; Dkt. No. 87-17 at 3–4]. This is the case in at least ten other states.  [*Id.*].

In these determinations, IJs have cited to this Court's order, choosing to disregard the declaratory relief granted because it did not enter final judgment or due to some misunderstanding on part of the IJs as to the effect or nature of the Court's orders.  [Dkt. No. 87-2 at 11 (suggesting this Court "did not issue a class-wide declaratory judgment"); Dkt. No. 87-2 at 14 (same); Dkt. No. 87-5 at 6 (same); Dkt. No. 87-7 at 4, 6 (same); Dkt. No. 87-8 at 5 (same); Dkt. No. 87-9 at 3

(same); Dkt. No. 87-12 at 3 (same); Dkt. No. 87-14 at 3 (same); Dkt. No. 87-15 at 3 (same); Dkt. No. 87-16 at 3 (same)].

This uniform practice by IJs might be attributed to the nature of Petitioners' motion being a "Motion Partial Summary Judgment," the Court's phrasing in its MSJ Order and/or Class Certification Order, or the Court's decision to deny the request for entry of final judgment in the MSJ Order. In any event, the Court finds that the subsequent developments affecting the Bond Eligible Class members in this matter are material, which warrant reconsideration of whether to enter final judgment.

***New Facts Pertaining to Respondents' Policies.*** Similarly, and perhaps more troubling, is the emergence of the Respondents' direction to IJs that they should *disregard* this Court's orders. [App. at 9]. Petitioners have provided evidence that the Office of Immigration Litigation issued a memorandum instructing IJs to "hold the position that *Yajure Hurtado* remains good law." [Dkt. No. 87-3 at 2; *see also* Dkt. No. 87-2 at 11 (adhering to *Yajure Hurtado*); Dkt. No. 87-2 at 14 (reasoning that *Yajure-Hurtado* is an independent ground for denying a bond hearing); Dkt. No. 87-5 at 6 (denying bond for lack of jurisdiction pursuant to *Yajure Hurtado*); Dkt. No. 87-7 at 4, 6 (same); Dkt. No. 87-8 at 5 (stating it was the "position of the [DOJ]" to continue heeding *Yajure Hurtado*); Dkt. No. 87-9 at 3 (adhering to *Yajure Hurtado*); Dkt. No. 87-14 at 3 (same); Dkt. No. 87-15 at 3 (same); Dkt. No. 87-16 at 3 (same)].

Because the Court has now decided both the Motion for Partial Summary Judgment and Class Certification Motion, and considering the newly emerged facts as to noncompliance, the posture of this case presents materially different circumstances that would compel reconsideration.

Consistent with the discussion above, the Court finds the Application has provided adequate grounds for this Court's reconsideration under Local Rule 7-18. For the reasons discussed below, the Court finds it appropriate to enter final judgment as to the claims encompassed within the MSJ Order: Counts I, II, and III.[4]

---

[4] Claims IV and V of the Amended Class Complaint remain in this action, as they were not included within the scope of the Partial Motion for Summary Judgment.

## 2. Entry of Final Judgment

Rule 54(b) allows a court to direct final judgment "when an action presents more than one claim for relief or when multiple parties are involved." Fed. R. Civ. Proc. 54(b). Such entry is appropriate "as to one or more, but fewer than all, claims or parties *only if* the court expressly determines that there is no just reason for delay." *Id.* (emphasis added).

Moreover, Rule 54(b) acknowledges that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). This is an exercise of a Court's inherent authority and power to modify its own interlocutory orders. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001).

A request from a party for a court to exercise this authority generally comes in the form of a motion for reconsideration. *See e.g.*, *Moore v. Grundman*, No. 11-CV-1570-DMS-WMc, 2012 WL 1252711, at *1 (S.D. Cal. April 13, 2012); *Baldwin v. United States*, 823 F. Supp. 2d 1087, 1098 (D.N. Mariana Islands 2011); *Whitsit v. Walker*, No. C-09-2387-JL, 2009 WL 5125858, at *1 (N.D. Cal. Dec. 21, 2009); *Rhodes v. Robinson*, No. 1:02-CV-05018-LJO-DLB, 2008 WL 1766975, at *1 (E.D. Cal. Apr. 17, 2008); *Network Signatures, Inc. v. ABN-AMRO, Inc.*, No. 8:06-CV-00629-JVS-RNBx, 2007 WL 760187,1 at *1 (C.D. Cal. Apr. 10, 2007).

When a Court chooses to modify, the only requirement for the exercise of this power is that the court "has not been divested of jurisdiction over the order." *Baykeeper*, 254 F.3d at 888. The Court confirms that it still possesses jurisdiction over the MSJ Order and Class Certification Order, as no interlocutory appeal or certification of appeal under Rule 23(f) has been filed.

Because the Court still has jurisdiction, it must articulate sufficient cause for the modification. *See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 13 n.14 (1983). To determine whether there is "any just reason for delay," the Court must consider "judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). The Ninth Circuit has found "Rule 54(b) certification is proper if it will aid expeditious decision of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (citation modified). Whether to make an express determination under

Rule 54(b) is "exclusively within the District Court's discretion." *Atterbury v. Carpenter*, 310 F.2d 126, 126 (9th Cir. 1962).

Indeed, entry of final judgment here will likely aid expeditious decision of the case. As discussed above, the Court is in a posture distinct from where it stood on November 20, 2025. On November 20, 2025, the Court declined entry of final judgment, reasoning final judgment was not appropriate due to the pending motion for class certification. [MSJ Order at 17]. The impact of class certification on the nature of the case provided adequate justification for delay in the entry of final judgment. The Court then issued its Class Certification Order on November 25, 2025. [*See* Class Certification Order].

Because of that change in procedural posture, the Court finds that the previous reasons supporting delay in entry of final judgment pursuant to Rule 54(b) no longer exist. Furthermore, because new facts indicate Respondents have counseled the noncompliance with the Court's orders as discussed in Part III.B.1. Evidence of these circumstances present exigent circumstances that may cause irreparable harm to those detained without a bond hearing, where they are otherwise entitled to one. *See* Fed. R. Civ. P. 54(b). [*See also* Reply at 9 (detailing the harm that Bond Eligible Class members face in light of Respondents' policies)].[5]

Finding no just reason for delay, the Court **GRANTS** Petitioners' Application to Reconsider as to the previous denial of final judgment. The Court hereby **ENTERS** final judgment in this action as to Counts I, II, and III of the Amended Class Complaint.

## IV.   CONCLUSION

Accordingly, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Petitioners' Application for Reconsideration and Clarification as follows:

- the Application is **GRANTED** as to the additional class counsel;

- the Application is **DENIED** as to including vacatur of *Matter of Yajure Hurtado* in the judgment;

---

[5] The Court's decision here moots Respondents' arguments regarding the tentative nature of the declaratory relief and its preclusive effect. [Opp. at 2–3, 4].

- the Application is **GRANTED** as to the clarification that the MSJ Order declared the DHS Policy unlawful and granted vacatur under the APA; and

- the Application is **GRANTED** as to the prior request to enter final judgment. The Court hereby **ENTERS** final judgment as to Counts I, II, and III.

An Amended Order consolidating the MSJ Order and Class Certification Order, clarifying the issues encompassed in this Motion, and detailing the judgment will be issued separately.[6]

**IT IS SO ORDERED**.

---

[6] Consistent with Rule 60(a), the clarifications in this Order make no substantive corrections to the effect of its prior orders. The portion of this Amended Order incorporating the Court's reconsideration of its prior denial to enter final judgment and subsequent entry of final judgment is the only substantive change. Such changes are permissible and governed by Rule 60(b)(6).